IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 2:09-MJ-1149-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | C O R R E C T E D |
| v. | ) | O R D E R |
| | ) | |
| COSIMO RINAUDO, | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion to Dismiss the charge of public nudity in a National Wildlife Refuge in violation of 50 C.F.R. § 28.31 and Defendant's bench trial on the same charge. For the reasons set forth below, Defendant's Motion to Dismiss is DENIED and this Court finds Defendant guilty beyond a reasonable doubt.

## INTRODUCTION

On May 23, 2009, Defendant Cosimo Rinaudo was charged by violation notice with one count of public nudity on Pea Island National Wildlife Refuge in violation of 50 C.F.R. § 28.31. Defendant moved to dismiss the charge on constitutional grounds and was heard by the Court on his Motion. The Government submitted a memorandum in opposition to Defendant's Motion on October 15th, 2009, and Defendant filed a Reply on October 28th, 2009. On January 11, 2010, Defendant pled not guilty and a bench trial was held in Elizabeth City, North Carolina.

## CONCLUSIONS OF LAW

Defendant moved to dismiss the charges against him on the grounds that the Secretary of the Interior was without the authority to enact Special Regulations prohibiting public nudity on the Pea Island Wildlife Refuge. But the authority to enact such a regulation was properly

delegated to the Secretary by acts of Congress. Although it is well established that Congress may not generally delegate its legislative powers to another branch, Congress may delegate authority when it "lays down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform..." *Mistretta v. United States*, 488 U.S. 361, 372 (1989).

Congress has laid down intelligible principles allowing the Secretary of the Interior to prohibit public nudity on the Pea Island Wildlife Refuge. As a National Wildlife Refuge, Congress has directed that Pea Island shall be managed in accordance with the National Wildlife Refuge System Administration Act of 1966, Pub. L. 890669, 80 Stat. 927, codified mostly at 16 U.S.C. §§ 668dd, 668ee. Congress established the National Wildlife Refuge System to "administer a national network of lands and waters for the conservation, management, and where appropriate, restoration of fish, wildlife, and plant resources and their habitats within the United States for the benefit of present and future generations of Americans." 16 U.S.C. § 668dd(a)(2). Congress has determined that recreation is an appropriate use of the System and has thus directed that compatible recreational activities "should be facilitated, subject to such restrictions or regulations as may be necessary, reasonable, and appropriate." 16 U.S.C. § 668dd(a)(3)(d). Specifically, the Secretary of the Interior is authorized to "curtail public recreation use generally or certain types of public recreation use within individual areas or in portions thereof whenever he considers such action to be necessary." 16 U.S.C. § 460k.

Pursuant to the Congressional grant of authority in 16 U.S.C. § 460k, the Secretary Interior promulgated the regulation found at 50 C.F.R. § 28.31(a), which provides:

Any person who violates any of the provisions, rules, regulations, posted signs, or

special regulations of this subchapter C, or any items, conditions or restrictions in a permit, license, grant, privilege, or any other limitation established under subchapter C shall be subject to the penalty provision of this section.

Such "special regulations" have been promulgated for the Pea Island National Wildlife Refuge and include but are not limited to the prohibition of public nudity. The Special Regulation against public nudity states:

> Public nudity is prohibited on Pea Island National Wildlife Refuge. This includes exposing female breasts or pubic areas and/or male sex organs. Exception: a woman may breast feed in any location where she is authorized to be.

The authority to ban public nudity in a National Wildlife Refuge falls within the authority vested in the Secretary of the Interior by Congress in furtherance of the intelligible principle of promoting the recreational enjoyment of the National Wildlife Refuge System. In *United States v. Hymans*, 463 F.2d 615, 616 (10th Cir. 1972), the Tenth Circuit Court of Appeals upheld the Secretary of Agriculture's promulgation of regulations prohibiting indecent conduct, including public nudity, in a National Forest pursuant to the Congressional grant of authority in 16 U.S.C. § 551 to make and promulgate rules and regulations concerning the "occupancy and use" of National Forests. Similarly, in *McMichael v. United States*, 355 F.2d 283, 286 (9th Cir. 1965), the Ninth Circuit Court of Appeals upheld a Department of Agriculture regulation making it a misdemeanor to operate motor vehicles in certain areas of national forest.

The special regulation against public nudity on Pea Island promotes the recreational enjoyment of the Refuge because allowing certain individuals to appear nude in public would curtail the recreational use and enjoyment of the Refuge by others. And the Secretary has notified the public of this special regulation by posting the regulation on the refuge website, on a posted sign near the entrance to the Refuge, and in news releases.

In sum, Congress properly authorized the Secretary of the Interior to proscribe public nudity in the Pea Island National Wildlife Refuge pursuant to the intelligible principle of promoting recreation. As such, this Court finds that the prohibition on public nudity in the Pea Island Wildlife Refuge is constitutional. Therefore, Defendant's Motion to Dismiss is DENIED.

FINDINGS OF FACT

Having concluded that the regulation at issue is constitution, this Court now must turn to the questions of fact presented at Defendant's bench trial.

At trial, Officer Chris Smith, a Park Service Officer employed by the United States Fish and Wildlife Service, testified that on May 23, 2009, he was patrolling the inner dune line of the Pea Island Wildlife Refuge. While on patrol, Officer Smith climbed onto the dune to observe the beach and saw Defendant standing nude on the beach at a distance of approximately sixty yards. Officer Smith approached Defendant and saw Defendant's clothing nearby on the sand. Officer Smith then cited Defendant for public nudity.

Defendant argued that the government failed to prove that he was nude within the boundaries of the Pea Island Wildlife Refuge. But although Officer Smith testified that he did not know the exact location of the mean high tide line, he testified that Defendant was on the sand well above the high water line at the time. As such, this Court finds that the alleged violation occurred within the boundaries of the Pea Island Wildlife Refuge beyond a reasonable doubt.

Therefore, based on the evidence presented at the bench trial, this Court finds the Defendant guilty beyond a reasonable doubt of public nudity in the Pea Island National Wildlife Refuge.

## CONCLUSION

Defendant's Motion to Dismiss is DENIED. This Court finds the Defendant guilty beyond a reasonable doubt of public nudity in a Pea Island National Wildlife Refuge in violation of 50 C.F.R. § 28.31.

SO ORDERED, this 5 day of February, 2010.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE